# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DWAYNE STOVALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV412-148 |
| MELISSA POOLE, MELVIN P. KESNER, CHARLES F. WOODALL, OFFICER GONZALEZ, OMAR JOHNSON, and DFACS MRS. MIDDLETON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Dwayne Stovall filed this 42 U.S.C. § 1983 civil rights action targeting people involved in his ongoing state criminal prosecution. (Doc. 1.) After carefully reviewing the record, it has come to the Court's attention that he misrepresented his financial status in his *in forma pauperis* application. Specifically, he indicated that he had not received any income from any source within the past 12 months. (Doc. 2 at 1-2.) His prison trust fund account statement, however, shows hundreds of dollars passing through his account since November 2011. (Doc. 5 at 2-4.) Consequently, he is **ORDERED** to show cause why his case should not be dismissed for lying in his *in forma pauperis*

application.

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940-41 at *1 (11th

2

Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a prisoner's *pro se* pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court is of the opinion that Stovall, in bad faith, attempted to mislead the Court as to his financial status, and thus an appropriate sanction is to dismiss his case without prejudice and to warn him that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future. Such a dismissal will count as a 28 U.S.C. § 1915(g) strike against him. *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010).

Prior to imposing Rule 11 sanctions, the Court must "order . . . [plaintiff] to show cause why conduct specifically described in the order

has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Too, due process must be satisfied in determining whether bad faith supports dismissal under the Court's inherent power. *Young*, 2010 WL 2170970 at *2. Due process requires that "the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Id.* Accordingly, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this Order why his case should not be dismissed for lying about his receipt of funds over the past 12 months on his *in forma pauperis* application. If plaintiff fails to respond adequately within fourteen days of this Order, his claim will likely be dismissed without prejudice for his abuse of the judicial process. *See Morefield v. DuPree*, No. CV605-054 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (same).

      **SO ORDERED** this  10th  day of September, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
